Nisn, O. J.
 

 Two objections are made by the defendant to the plaintiff’s action. First, that the bill of sale under
 
 *413
 
 which he claims the slave in dispute, was not registered in the proper county. Second, that the purchase of the plaintiff from his father, was made to defeat his creditors, and was therefore fraudulent and void in law.
 

 The first objection depends upon the proper construction of Eev. Stat. cli. 37. The twentieth section provides as follows : “ where the transfer or conveyance of any slave shall be in writing, such writing, after being legally proved, shall be registered in the county where the purchaser shall reside, he being in the actual possession of the slave.” In this case, the parties and slaves, at the time of the sale to the plaintiff, were in Union county. The case does not disclose the date of the bill of sale, but the plaintiff having a plantation in Mecklenburg county, the slaves were removed there soon after the sale, in the month of September, in the same year in which ■ they were bought by the plaintiff; and soon thereafter, the plaintiff and his father both removed to Mecklenburg county, in which county the deed vas proved and registered. The presiding Judge hold the registration sufficient, and we concur with him. One object of the registration acts, is to furnish those who deal with the owners of slaves a ready way of ascertaining their title to them. Another is to ascertain where slaves are to be given in under the revenue laws. The purchaser, the plaintiff, residing in Mecklenburg county, and the slaves being there, a creditor, or one about to deal with him as to the slaves, would naturally search the register’s office of that county, to ascertain his title. The construction put upon the Act by his Honor, is strengthened by the phraseology of the Act—■“ the purchaser being in possession of the slave.” As the date of the bill of sale to the plaintiff is not given in the case, we are at liberty to presume that the slaves were removed to Mecklenburg soon after the sale to him.
 

 On the second point, we see no valid objection to the Judge’s charge. The Court was-requested to charge the jury, that the evidence disclosed such a possession of the slaves after the sale, as to make the conveyance to the plaintiff fraudulent. This was declined by the presiding Judge; but ho, being
 
 *414
 
 of opinion, that tho fact of the possession by David Simpson was a controverted one, left it to the jury to determine how the fact was. The latter part of the charge being in favor of the defendant, he cannot complain of it. His Honor conld not give the instructions prayed for; it would have been deciding a matter of fact controverted between themselves. The prayer was, that the jury should be charged, that the possession, under tho evidence, was in David Simpson, the bargainor. This was denied by the plaintiff, and there was evidence on each side upon that fact. It was clearly the right of the jury to ascertain how the fact was, and to them it was left by the Court. These are the only questions referred by the defendant in his bill of exceptions to this Court.
 

 Pee Curiam.
 

 Judgment ahirmed.